UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GLADYS SHANEA WILSON,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil Case No. 09-cv-272-JPG
Crim. Case No. 07-cr-40020-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Gladys Shanea Wilson's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government has responded to the motion (Doc. 9), and Wilson has replied to that response (Doc. 13). The Court held a hearing on June 28, 2011, on one ground for relief at which Wilson and her former trial counsel Rodney Holmes testified. For the following reasons, the Court will grant Wilson's § 2255 motion and will allow her to proceed as if on direct appeal.

**I.    Background**

In April 2007, Wilson was indicted in a superseding indictment on one count of conspiracy to distribute more than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846. In August 2007, the grand jury returned a second superseding indictment adding two counts of distribution of crack cocaine and two counts of distribution of cocaine, all in violation of 21 U.S.C. § 841(a)(1). In October 2007, the grand jury returned a third superseding indictment raising the amount of crack cocaine alleged to have been involved in the conspiracy to 50 grams.

Wilson was represented at all times by Holmes. On January 10, 2008, Wilson pled guilty without a plea agreement to the distribution charges. On May 5, 2008, pursuant to the Government's request, the Court dismissed the conspiracy count without prejudice. On April 11,

2008, the Court sentenced Wilson to serve 200 months in prison.

On April 15, 2008, Wilson appealed to the Seventh Circuit Court of Appeals. On June 18, 2008, Holmes filed a motion, also signed by Wilson, to voluntarily dismiss the appeal. The Court of Appeals granted her motion and issued its mandate on June 19, 2008. The Government did not move for a reduction of Wilson's sentence pursuant to Federal Rule of Criminal Procedure 35(b).

Wilson filed this timely § 2255 motion on April 9, 2009. In it, she argues, among other things, that Holmes was constitutionally ineffective because he told Wilson she needed to dismiss her appeal in order to have a chance at a reduction in sentence pursuant to Rule 35(b), filed the motion to voluntarily dismiss the appeal after telling her he would not, and failed to tell her of the dismissal in time for her to withdraw her motion to voluntarily dismiss.

## II.     Hearing Findings

At the hearing, the evidence showed, among other things, that after filing Wilson's notice of appeal, Holmes advised her by letter dated May 8, 2008, that she would be better served by cooperating with the government and participating in a proffer in an effort to receive a Rule 35(b) reduction in sentence than she would be by pursuing her appeal, which Holmes assessed as having little chance of success. Specifically, Holmes advised Wilson that if she continued with her appeal, the chances of the government filing a motion under Rule 35(b) "are decreased." In fact, in Holmes' opinion and as he told Wilson in person, the government would not file a Rule 35(b) motion if Wilson persisted in her appeal. Nevertheless, Wilson continued to believe it was realistic to expect to be able to pursue her appeal and obtain a reduction.

Later, after Wilson was sentenced and while she was still at the Jackson County Jail, Holmes told Wilson the agents would not talk with her until she agreed to voluntarily dismiss

her appeal. He advised her that he would not file the motion until he was certain the government was still interested in conducting further interviews toward a sentence reduction and informed her that, if she changed her mind after the motion to dismiss was filed, there was a window in which she could move to withdraw the motion to dismiss. Wilson understood this to mean that if she signed the motion to dismiss, she would be able to withdraw it after it was filed and that Holmes would not file the motion until the government had accepted her proffer as truthful and complete. Wilson signed the motion, and the agents conducted the proffer but were unable to complete it because they needed to gather more information from other sources. They told Wilson they would return but never did.

In the meantime, having secured Wilson's consent to dismiss her appeal and having assessed that the government was still interested in talking to her (although it was not satisfied with some of the information she had given to that point), Holmes filed the motion to dismiss in the Court of Appeals on June 18, 2008. He did not tell Wilson that he filed the motion or that the Court of Appeals granted it the following day. About a month later, the government informed Holmes that it would not accept Wilson's proffer. He did not relay this information to her either. Wilson later learned from the Court that her appeal had been dismissed and learned from the government's response to her § 2255 motion that it was not going to file a Rule 35(b) motion.

### III. Analysis

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an

3

error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). Wilson claims the dismissal of her appeal was a product of Holmes' constitutionally ineffective assistance.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. This right to assistance of counsel encompasses the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Fountain v. United States*, 211 F.3d 429, 434 (7th Cir. 2000).

As for the first element of the *Strickland* test, the Court must consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009), *cert. denied*, 130 S. Ct. 2431 (2010). The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *accord Wyatt*, 574 F.3d at 458. To satisfy the second prong of the *Strickland* test, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Fountain*, 211 F.3d at 434; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).

This case was full of misunderstandings between Wilson and Holmes. For example, Holmes' May 8, 2008, letter characterizes the consequence of pursuing an appeal as "decreasing" Wilson's chances for a Rule 35(b) sentence reduction. In fact, it virtually extinguished them, as Holmes had told Wilson orally. Nevertheless, the ambiguous letter left Wilson with the wrong impression about the consequences of her actions. Similarly, Wilson and Holmes did not have a mutual understanding about the circumstances that would trigger Holmes to file the motion to voluntarily dismiss the appeal. Holmes thought it was continuance of the proffer; Wilson thought it was acceptance of the proffer. Wilson also came to rely on Holmes to let her know if the motion was filed so she could decide whether to ask to withdraw it, whereas Holmes thought Wilson's decision was final and that she would contact him if she changed her mind. The misunderstandings were compounded by an overall lack of communication that kept Wilson from being informed about critical events when action could have been taken to avoid or correct further misunderstandings. While the Court finds that these misunderstandings and lack of communication do not individually amount to subpar attorney performance, in combination, they do. As a consequence of this delinquency, Wilson agreed to sign the motion to dismiss her appeal. Had Holmes' communication been better, Wilson would have been able to pursue her appeal.

**IV.     Conclusion**

For these reasons, the Court finds that Wilson has established both elements of the *Strickland* test and is entitled now to proceed as if on direct appeal, with the assistance of counsel. *See Castellanos v. United States*, 26 F.3d 717, 720 (7th Cir. 1994) (considering where defendant is deprived of appeal because of counsel's delinquent failure to file notice of appeal). In light of this finding, the Court need not address the other issues raised in Wilson's § 2255

motion.

Accordingly, the Court:

- **GRANTS** Wilson's § 2255 motion (Doc. 1);

- **DIRECTS** the Clerk of Court to enter judgment accordingly in this case;

- **VACATES** the judgment in Wilson's criminal case (Case No. 07-cr-40020, Doc. 141);

- **DIRECTS** the Courtroom Deputy to prepare and file an amended judgment in Wilson's criminal case (Case No. 07-cr-40020);

- **DIRECTS** the Clerk of Court to file a notice of appeal in Wilson's criminal case (Case No. 07-cr-40020) within 14 days of the amended judgment, and to include the judgment in this § 2255 case as part of the short record on appeal in Wilson's criminal case (Case No. 07-cr-40020); and

- **ORDERS** that Wilson's current counsel continue to represent Wilson through the filing of the appeal in her criminal case. Counsel may request withdrawal from the Court of Appeals, if appropriate.

**IT IS SO ORDERED.**
**DATED: June 30, 2011**

                                         s/ J. Phil Gilbert
                                         **J. PHIL GILBERT**
                                         **DISTRICT JUDGE**