UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>GLADYS SHANEA WILSON,<br><br>    Defendant. | Case No. 07-cr-40020-JPG |

### MEMORANDUM AND ORDER

This matter comes before the Court on the motions – one *pro se* and one filed by counsel – of defendant Gladys Shanea Wilson for a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10 (Docs. 206 & 243). The Court appointed counsel for the defendant, and following *United States v. Foster*, 706 F.3d 887 (7th Cir. 2013), counsel continues her representation on a voluntary basis. The Government has responded to Wilson's motion that was filed by counsel (Doc. 249), and Wilson has asked the Court for leave to file a reply (Doc. 250). The Court will grant that motion and will consider Wilson's reply (Doc. 251).

Wilson pled guilty to two counts of distribution of crack cocaine and two counts of distribution of powder cocaine. The presentence investigation report ("PSR") recommended a relevant conduct amount of 8.75 kilograms of crack cocaine. At sentencing, the Court heard testimony showing that Wilson's relevant conduct was 9 kilograms of crack cocaine. That evidence, however, came from a witness of questionable credibility. Noting this, the Court stated,

> So even if the Court were to cut by a third the amount that [the witness] testified to, even almost up to almost a half, you're still, from the 9 kilos from what she testified

>to, you're still at the 4.5 kilograms. And I think it was more than that, even if I discount her testimony by a third, as to the amount of drugs that she observed on these trips.

Sent. Tr. at 136. The Court ultimately found that Wilson's relevant conduct fell into the category of at least 4.5 kilograms of crack cocaine, the highest base offense level under U.S.S.G.[1] § 2D1.1 at that time. Following the sentencing hearing, in the written statement of reasons for its sentence, the Court stated that it adopted the PSR without change (*see* Docs. 143 & 210). Under U.S.S.G. § 2D1.1, that finding yielded a base offense level of 38. The Court decreased Wilson's offense level by three levels under U.S.S.G. § 3E1.1 for acceptance of responsibility, rendering a total offense level of 35 which, considering Wilson's criminal history category of II, yielded a sentencing range of 188-235 months in prison. The Court imposed a sentence of 200 months on each count, all to run concurrently.

Wilson now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence. Amendment 750 amended U.S.S.G. § 2D1.1(c) as of November 1, 2011, to lower some base offense levels associated with various amounts of crack cocaine. The relevant parts of Amendment 750 are retroactive. *See* U.S.S.G. § 1B1.10(c) (2011).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the

---

[1]Unless otherwise noted, the references to the U.S.S.G. in this order are to the 2007 version.

applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009)**.**

Whether Amendment 750 lowered Wilson's guideline range depends on the Court's specific relevant conduct finding. If her relevant conduct was 8.75 kilograms of crack cocaine, as stated in the Court's written statement of reasons, Wilson would not be eligible for a reduction because the 38-point category under the amended range structure is 8.4 kilograms or more of crack cocaine. If her relevant conduct was 6 kilograms of crack cocaine, as stated at the sentencing hearing (9 kilograms shaved by one-third), Wilson would be eligible for a reduction because 6 kilograms falls into the 36-point category under Amendment 750.

At the time of sentencing, the Court was not clear what its specific finding was because it did not matter. It was clear that Wilson's relevant conduct was sufficient to get her into the 38-point category – 4.5 grams of more of crack cocaine – so whether it was 6 or 8.75 kilograms was immaterial. Now that it is material, the Court will clarify that its prior adoption of the PSR's relevant conduct finding of 8.75 kilograms of crack cocaine was not a deliberate decision to adopt the 8.75 kilogram finding but a matter of convenience where the specific amount, whether it was 6 or 8.75 kilograms, was immaterial to the outcome. Thus, the PSR adoption is not sufficient to support the 8.75 kilogram finding in this case. *See United States v. Davis*, 682 F.3d 596, 616 (7th Cir. 2012); *United States v. Burke*, 148 F.3d 832, 836 (7th Cir. 1998).

The Court further finds, for the reasons stated at Wilson's sentencing hearing, that

Wilson's relevant conduct is 6 kilograms of cocaine base in the form of crack cocaine. To the extent this finding may exceed the Court's original relevant conduct finding, it is allowed because it is supported by the record and not inconsistent with its original finding that Wilson's relevant conduct exceeded 4.5 kilogram of crack cocaine. *See United States v. Hall*, 600 F.3d 872, 876 (7th Cir. 2010).

In light of Wilson's relevant conduct of 6 kilograms of crack cocaine, it is clear that Amendment 750 lowered Wilson's base offense level to 36, her total offense level to 33, and her applicable guideline range to 151 to 188 months in prison. The Court further finds that granting Wilson a reduction is consistent with applicable policy statements issued by the Sentencing Commission and that a reduction to a term of imprisonment of 160 months on each count, all to run concurrently, is appropriate.

For the foregoing reasons, the Court **GRANTS** Wilson's motion to file her response brief *instanter* (Doc. 250) and her motions for a reduction (Docs. 206 & 243) and will enter its standard reduction order forthwith.

**IT IS SO ORDERED.**
**DATED:   August 4, 2014**

             s/J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**